ORIGINAL

FILED

12/27/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 23-0699

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## DA 23-0699

TIFFANY HOUSE,

    Plaintiff and Appellee,

v.

DAVID E. ORR,

    Defendant and Appellant,

CONRAD COGGESHALL,

    Defendant.

FILED

DEC 27 2023

Bowen Greenwood
Clerk of Supreme Court
State of Montana

O R D E R

Through counsel, Appellee Tiffany House moves for dismissal of this appeal and requests sanctions because self-represented Appellant David E. Orr does not appeal a final judgment. Orr responds in opposition, pointing out that, unlike previous decisions, "these orders say, IT IS HEREBY ORDERED, ADJUDGED AND DECREED," making it final in his view for appeal purposes.

House points out that Orr's appeal still lacks a final judgment against all defendants in the Lincoln County District Court. Orr provides several arguments in his response, concluding that the real property at issue should return to him.

The Montana Rules of Appellate Procedure provide some guidance. "A final judgment conclusively determines the rights of the parties and settles all claims in controversy in an action or proceeding, including any necessary determination of the amount of costs and attorney fees awarded or sanction imposed." M. R. App. P. 4(1)(a). M. R. App. P. 6(3) provides a list of civil cases on appeal where "an aggrieved party may appeal from the following, provided that the order is the court's final decision on the referenced matter[,]" such as "[f]rom an order directing the delivery, transfer, or surrender of property[.]" M. R. App. P. 6(3)(h).

This Court is familiar with this underlying proceeding, having dismissed a premature appeal brought by Orr. On November 28, 2023, we dismissed without prejudice Orr's appeal of a July 28, 2023 summary judgment Order, entering judgment in favor of House for Orr to quitclaim his interest in the real property at issue in Lincoln County. Orr had not responded to House's motion for summary judgment. Within that Order, Orr had until August 18, 2023, to execute a quit claim deed and realty transfer certificate to convey his rights to House. The court stated then:

> [I]f Orr does not execute such documentation and deliver it to [House's] counsel by the deadline, then, pursuant to Mont. Code Ann. § 70-28-107(2), the [c]ourt's order shall have the same operation and effect if such documents were signed, recorded, and filed.

We dismissed Orr's first appeal because not all claims against the other defendants had been settled then.

Orr has returned to this Court with his December 4, 2023 Notice of Appeal and two District Court Orders. On November 3, 2023, the District Court entered an Order Transferring Real Property as well as Findings of Fact, Conclusions of Law, and Order. This appeal seems proper when considering the transfer of property as immediately appealable under M. R. App. P. 6(3). *See also Riverside Mobile Home & RV Park v. Donald and Cynthia Bullock*, No. DA 23-0494, Order denying motion to dismiss in an unlawful detainer action (Mont. Oct. 17, 2023) ("Although the District Court's September 1 order did not resolve 'all claims in controversy in [the] action' and is not a final judgment, M. R. App. P. 4(1)(a), the order is the court's final decision on the question of possession of the property in question.").

In its Findings and Conclusions, the District Court pointed out that House commenced this legal action against Defendants Orr and Conrad Coggeshall as well as any other unknown persons concerning the real property's title in February 2022. The District Court stated that its "ruling on the Motion for Summary Judgment resolved House's claims against Orr but did not conclude the case in its entirety due to pending claims against other defendants." The court referred to § 70-29-109, MCA, and that Orr is not prejudiced by a

2

transfer of the property to House due to the "adequate alternative legal mechanisms to protect Orr's interests . . . ." The court then entered its separate Order transferring property, "[d]ue to Defendant Orr's failure to record the Quitclaim Deed in accordance with the prior [c]ourt-imposed deadline[.]" Orr has not complied with the District Court Orders; he has not quit-claimed the property at issue. Because of Orr's failure to comply with a court order, "the [c]ourt [] found it necessary and just pursuant to Mont. Code Ann. § 70-28-107 to issue this Order Transferring Property directly to ensure compliance with its earlier judgment and to effectuate transfer" to House.

We conclude that Orr's appeal is proper under M. R. App. P. 6(3)(h). Therefore,

IT IS ORDERED that House's Motion to Dismiss is DENIED.

The Clerk of the Supreme Court is directed to provide a copy of this Order to counsel of record and to David E. Orr.

DATED this 27 day of December, 2023.

_____
Chief Justice

_____

_____

_____

_____
Justices

3